**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION**

| | | |
|---|---|---|
| **GIGI'S CUPCAKES, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:17-cv-3009** |
| **v.** | ) | |
| | ) | |
| **4 BOX, LLC, NIKOLAS PAPPAS, AND** | ) | |
| **LORAINE PAPPAS** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff Gigi's Cupcakes, LLC ("Plaintiff" or "Gigi's"), by and through its attorneys, and files this Original Complaint and Request for Declaratory Judgment against Defendants 4 Box, LLC, Nikolas Pappas, and Loraine Pappas ("4 Box" or "Defendants") and in support thereof respectfully alleges and shows the Court as follows:

**I.      NATURE OF THE ACTION & INTRODUCTION**

1.      Gigi's Cupcakes, LLC, a franchisor, brings this action against its franchisee, 4 Box, LLC for violations of its Unit Franchise Agreement ("Franchise Agreement") and a declaratory judgment.

2.      Defendants explicitly agreed in their Franchise Agreement to abide by certain obligations in the management and operation of a Gigi's franchise location.  Despite their contractual obligations, and contrary to their specific representations, Defendants violated and continue to violate the terms of their Franchise Agreement.

3.      Defendants now contend that Gigi's, through a prior franchise operator from whom Gigi's purchased certain assets, made misrepresentations to the franchisees in certain initial

disclosures at the time they decided to become franchisees, and thus its Franchise Agreement is invalid.

4.      Gigi's is in no way responsible for the alleged misrepresentations of the previous franchisor, if any.  Furthermore, Gigi's has operated the franchise organization in good faith and has made numerous offers to assist Defendants with the operation of their business.  Those offers have been met by Defendants' obstructionist tactics and refusals to even communicate with Gigi's officers.

5.      Gigi's asks this Court to declare that the Franchise Agreement is valid and enforceable, that Gigi's has not violated the Franchise Agreement and that Gigi's is not liable for any alleged misrepresentations of the previous franchisor.  Further, Gigi's brings this action to hold Defendants accountable for their breaches of the Franchise Agreement and seeks the award of its costs and attorneys' fees in prosecuting this action.

## II.      THE PARTIES

6.      Gigi's Cupcakes, LLC is a Delaware limited liability company with its principal place of business in Fort Worth, Texas at 550 Bailey Avenue, Suite 650, Fort Worth, Texas 76147.

7.      Defendant 4 Box, LLC is an Indiana limited liability company with its principal place of business at 11691 E. 206th St., Noblesville, Indiana, 46060.

8.      Upon information and belief, Defendants Nikolas Pappas and Loraine Pappas are Indiana residents residing at 11691 E. 206th St., Noblesville, Indiana, 46060.

9.      Defendants operate a Gigi's Cupcakes franchise store in Noblesville, Indiana.

## III.      JURISDICTION AND VENUE

10.     The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Gigi's Cupcakes and Defendants and

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 2**

the amount in controversy exceeds $75,000, exclusive of interest and costs.  Gigi's Cupcakes is a citizen of Texas for purposes of diversity jurisdiction because its members are citizens of Texas and its principal place of business is in Texas.  4 Box and its principals Nikolas Pappas and Loraine Pappas are citizens of Indiana.

11.     Venue is proper in this District.  The Franchise Agreement contains a provision that states the "Franchisor and Franchisee consent to the non-exclusive personal jurisdiction of, and venue in the state or Federal courts situated where the Franchisor's principal place of business is then located…."  *See* Franchise Agreement § 20.3.3.  Gigi's principal place of business is in this District, and Gigi's regularly conducts business in the District and owns and operates several Gigi's Cupcakes locations in North Texas.

12.     This Court has personal jurisdiction over Defendants because Defendants have contracted with a Texas resident where at least one party is to perform the contract in whole or in part in Texas and Defendants systematically conduct and transact business in Texas.  Additionally, the Franchise Agreement contains a provision that states: "The parties consent to the personal jurisdiction of and venue in any such courts, and irrevocably waive objection to such jurisdiction and venue."  *See* Franchise Agreement § 20.3.3.  As described above, "such courts" includes the United States District Court for the Northern District of Texas.

## IV.     FACTUAL BACKGROUND

13.     In 2008, Nashville, Tennessee-area business woman Gina Butler formed Gigi's Cupcakes by following the advice of her family and using the family recipe to open a cupcake store.

14.     Gigi's Cupcakes Franchising, LLC ("Prior Franchisor") licensed the concept briefly in 2009, but did not begin offering uniform franchises until 2011, when it published its first

Franchise Disclosure Document in conformity with the Federal Trade Commission's requirements.

15.     On or about January 20, 2014, 4 Box executed a Unit Franchise Agreement with the Prior Franchisor to operate a Gigi's Cupcakes store in Noblesville, Indiana.[1]

16.     Under the Franchise Agreement, the term of the agreement extends from "the Effective date or the date the Store opens for business, whichever is later, for a period of ten (10) years." *See* Franchise Agreement, § 2.1.

17.     The individual Defendants, as principals of 4 Box, entered into a Guaranty of the Franchisee's Undertakings wherein they personally and unconditionally guaranteed to the Franchisor "payment and performance, when due, whether by acceleration or otherwise, of any and all Obligations of Franchisee to Franchisor under the Agreement." *See* Exhibit A of the Franchise Agreement.

18.     Since initiating operation of its franchise location, Defendants have failed to install and operate the required point-of-sale software.

19.     In mid-2016, Ms. Butler and the individuals who co-owned the Gigi's Cupcakes brand agreed to sell substantially all of the assets of the Gigi's Cupcakes system, including the franchise relationships as defined and governed by various franchise agreements, to a new entity formed by KeyCorp, LLC called Gigi's Cupcakes, LLC.

20.     This transaction, which was documented in an Asset Purchase Agreement ("APA"), occurred on or about May 31, 2016.  The parties to this transaction understood and agreed in writing to a sale of only the Prior Franchisor's assets, not its equity or full liabilities, though Gigi's did take some limited liabilities that are not at issue in this dispute.

---

[1]The Franchise Agreement is attached to this Complaint as Exhibit A.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 4**

21.     In addition to the APA, Gigi's further confirmed with Defendants that it purchased substantially all of the assets of the Prior Franchisor in a July 19, 2016 New Day letter as well as phone calls and meetings with Defendants following the acquisition from Prior Franchisor.

22.     In June 2016, Gigi's discovered a number of undisclosed financial and structural issues within the franchise system that required immediate attention.  One of those structural issues concerned the franchise system's supply chain.

23.     As a result, Gigi's undertook efforts to secure an agreement with a new food supplier, including requesting proposals from numerous vendors.  After conducting an in-depth review of the proposals, Gigi's exercised its business judgment and selected a new vendor.

24.     Various franchisees, including Defendants, disagreed with the business decision of Gigi's and have instigated discord among a group of franchise owners.  In particular, Defendant Nikolas "Nick" Pappas has posted numerous times to a Facebook group titled "Gigi's Cupcake Talk."

25.     In doing so, Defendant Nick Pappas assisted in the unauthorized use of the Gigi's Cupcakes trademarked name within this social media page and used this forum to make disparaging statements about Gigi's business judgment.

26.     The posts' content demonstrates, at best, a misunderstanding of the efforts that Gigi's has undertaken to support the system, and, at worst, an insulting rejection of the good faith that Gigi's has shown to support its franchisees.

27.     On or about October 23, 2017, the parties, per the terms of the Franchise Agreement, attempted to address their disputes in mediation.  *See* Franchise Agreement, § 20.3. The mediation failed.  Since that time, Defendants, through counsel, contest the validity of their Franchise Agreement.

28.     Defendants further contend that Gigi's has violated and continues to violate the Franchise Agreement through its selection of a new supplier to provide ingredients and supplies to the franchise system.

29.     With respect to the validity of the Franchise Agreement, Defendants maintain that, at the time they decided to become franchisees, certain initial disclosures contained "misrepresentations," particularly in Franchise Disclosure Documents.

30.     Because of those alleged "misrepresentations," Defendants posit that the Franchise Agreement is void, and there is no agreement between Gigi's and the Defendants.

31.     Prior to taking this position through counsel, Defendants have recognized Gigi's as the franchisor for at least 16 months, including by paying royalties to Gigi's in accordance with their Franchise Agreement.

32.     Defendants are now refusing to abide by their Franchise Agreement or engage with Gigi's in a meaningful way regarding the status of their franchise, its operations and its future viability.

33.     Defendants received a letter on October 27, 2017 requesting information regarding the operational issues of the Defendants.

34.     4 Box did not respond to the letter, as was requested by Gigi's.  Rather, Defendants directed Gigi's to correspond only with their lawyer.

35.     All conditions precedent have occurred.

### V.     MATERIAL PROVISIONS OF THE FRANCHISE AGREEMENT

36.     Sections 12.1 and 12.2 of the Franchise Agreement outline curable events of default.  Upon the occurrence of those events, Gigi's has the right to terminate the franchise agreement for cause unless the franchisee cures the event of default within the allowed time, after

Franchisor gives Franchisee written notice of default.  According to the agreement, Gigi's has no obligation to give Defendants notice of default if the Defendants have actual or constructive knowledge of the facts giving rise to the breach.  An example of curable event of default, includes but is not limited to, the following:

> 12.2.5       If Franchisee fails to perform or breaches any other covenant, obligation, term, condition, guarantee, warranty or certification in this Agreement (except those described as "non-curable" events of defaults under Section 12.3 or fails to operate the Franchised Business in the manner set forth in the Confidential Manuals or as otherwise specified by Franchisor in writing, or fails to pay promptly any undisputed bills from any vendor or supplier, Franchisee shall have fifteen (15) business days after notice from Franchisor to cure same.

37.     Section 12.3 of the Franchise Agreement outlines "non-curable" events of default.  Upon the occurrence of those non-curable events, Gigi's has the right to terminate the Franchise Agreement.  An example of a non-curable event of default, includes but is not limited to, the following:

> 12.3.14      If Franchisee causes or allows any alteration, misuse or unauthorized use of Franchisor's Proprietary Marks, or otherwise breaches or fails to comply with any provision of SECTION 5 as to the Proprietary Marks.

38.     Section 5 of the Franchise Agreement outlines the responsibilities of the Defendants in relation to the System and the Proprietary Marks.  Section 5 states, in part, as follows:

> 5.1 <u>Ownership</u>       Franchisor or an affiliate owns or has the right to license the Proprietary Marks to Franchisee.  Franchisee expressly acknowledges and agrees (i) that these rights in and to the Proprietary Marks are superior, (ii) not to act or represent in any manner that Franchisee has acquired any ownership rights in the Proprietary Marks, (iii) not to use any of the Proprietary Marks or any marks, names or indicia which are or may be confusingly similar in its own corporate or business name, except as approved by Franchisor . . . .

> 5.2 <u>Compliance</u>.       Franchisor may in its sole discretion establish and administer as part of the Gigi's System standards of quality, appearance and operation for the Franchised Business.  For the purpose of giving distinctiveness to the Proprietary Marks, enhancing the public image and reputation of businesses operating under the Gigi's System and for the purpose of increasing the demand for services and products provided by Franchisee and Franchisor, the Franchisee covenants to

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 7**

operate the Store, each Off Premises Unit and the Franchised Business in strict conformity with Franchisor's standards and all rules, regulations, and policies which are by their terms mandatory, including without limitation, those contained in the Confidential Manuals or otherwise communicated to Franchisee in writing.

5.4 <u>Infringements</u>.    Franchisee acknowledges and agrees that any use of the Proprietary Marks other than as expressly authorized by this Agreement, without Franchisor's prior written consent, may constitute an infringement of Franchisor's rights and that the right to use the Proprietary Marks granted in this Agreement does not extend beyond the termination or expiration of this Agreement.

39.     Section 6 of the Franchise Agreement details the Operational requirements

of a franchise location:

6.4.4          Franchisee shall purchase, install, utilize and maintain at the Premises and each Off Premises Unit, at Franchisee's expense, all fixtures, furnishings, signs and equipment, including without limitation the Gigi's Identity Package and the computerized point-of-sale ("POS") systems and other computer hardware and software as shall be set forth in the Confidential Manuals or as Franchisor may otherwise specify or approve in writing from time to time, and to refrain from installing, or permitting to be installed, on or about or in connection with the Premises or the Franchised Business, any item not so specified or approved by Franchisor.

6.6 <u>Operation</u>          Franchisee covenants to operate the Franchised Business in conformity with the Gigi's System and such methods, standards and specifications as set forth in the Confidential Manuals or as Franchisor may otherwise specify in writing from time to time, to ensure that Franchisor's required degree of quality, service and image is maintained, and to refrain from deviating there from and from otherwise operating in any manner which adversely reflects on Franchisor's name and goodwill, or on the Proprietary Marks.

40.     Section 6 of the Franchise Agreement also requires the Defendants to abide

by and use in their store location the suppliers selected by Gigi's.

6.12 <u>Sources of Supply</u>.      Franchisor may specify in the Confidential Manuals or otherwise in writing (i) source-restricted purchases for the Franchised Business that may be obtained only from designated or approved sources; (ii) specified purchases for the Franchised Business that may be obtained from any lawful source so long as the purchase meets Franchisor's specifications; (iii) unrestricted purchases that may be obtained from any lawful source; and (iv) proprietary purchases that must be obtained only from Franchisor or an affiliate. Franchisor may also specify in the Confidential Manuals or otherwise preferred and vendors for specified purchases and unrestricted purchases from whom Franchisor may

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 8**

receive a financial benefit based on sales to franchisees. Unless any purchase is designated as unrestricted by Franchisor, Franchisee shall purchase and use in the Franchised Business all fixtures, furnishings, signs, equipment, POS systems, inventory, ingredients, packaging, uniforms, advertising materials, website marketing services, website online ordering services, other services, and other supplies, products and materials required for the operation of the Franchised Business solely from suppliers who demonstrate, to the continuing reasonable satisfaction of Franchisor, the ability to meet Franchisor's reasonable standards, specifications and requirements for such items regarding quality, variety, service, safety and health; who possess adequate quality controls and capacity to supply Franchisee's needs promptly and reliably; who have a sound financial condition and business reputation; who will supply such items to a sufficient number of Franchisees to enable Franchisor to monitor compliance by the supplier with the Franchisor's standards, specifications, and requirements on a cost effective basis; and who have been approved for such items in writing by Franchisor and not thereafter disapproved. If Franchisee desires to purchase any item from an unapproved supplier, Franchisee shall submit to Franchisor a written request for such approval in accordance with procedures set forth in the Confidential Manuals or as otherwise specified by Franchisor in writing from time to time. Franchisor will notify Franchisee in writing within a reasonable time if such request is granted. Franchisor may in its discretion increase or decrease the number of approved suppliers, designate itself as an approved or exclusive supplier, and make a profit or otherwise receive value in kind or rebates from the designation of approved suppliers and/or from the sale of supplies to Franchisee.

41. Additionally, Section 17 of the Franchise Agreement requires the

Defendants to indemnify Gigi's for any and all "Losses and Expenses," as follows:

17.1 Franchisee will, at all times, indemnify and hold harmless to the fullest extent permitted by law, Franchisor, its corporate parent (member) and their affiliates, the respective shareholders, members, directors, officers, employees, agents and representatives of each, and their respective successors and assigns, from all "Losses and Expenses" (as defined below) incurred in connection with any action, suit, proceeding, claim, demand, investigation or inquiry (formal or informal), or any settlement thereof (whether or not a formal proceeding or action has been instituted) which arises out of or is based upon any of the following:

17.2 Franchisee's infringement, alleged infringement or any other violation or alleged violation of any trademark, copyright or other proprietary right owned or controlled by third parties;

17.5 Franchisee's violation or breach of any warranty, representation, agreement or obligation in this Agreement;

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 9**

42. Section 17.9 of the Franchise Agreement defines "Losses and Expenses" as follows:

> 17.9 <u>Losses and Expenses</u>. As used in this Section, the phrase "Losses and Expenses" shall include, without limitation, all losses, compensatory, exemplary or punitive damages, penalties, fines, charges, costs, expenses, lost profits, attorneys' fees, court costs, settlement amounts, judgments, compensation for damages to Franchisor's reputation and goodwill, costs of or resulting from delays, financing, costs of advertising material and media time/space, and costs of changing, substituting or replacing the same, and any and all expenses of recall, refunds, compensation, public notices and other such amounts incurred in connection with the matter.

43. Section 21.8 of the Franchise Agreement defines "Reasonable Business Judgment" to provide Gigi's with significant discretion to make decisions for the long-term benefit of the entire franchise system, even if such decisions do not take into account the individual economic interests of one franchisee over another.

## VI. CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT[2]

44. Plaintiff repeats and realleges the facts contained in the preceding paragraphs and incorporates them fully herein.

45. Defendants breached the Franchise Agreement by participating in and posting on the Gigi's Cupcake Talk Facebook page, which utilized proprietary marks without Gigi's Cupcakes' permission in violation of Section 5 of the Franchise Agreement and Section 12.3.14 of the Franchise Agreement.

---

[2]Tennessee law controls the claims in this case. *See* Franchise Agreement § 20.1 ("This Agreement and any dispute between Franchisor and Franchisee shall be governed by and construed in accordance with the laws of the State of Tennessee (without regard to the application of Tennessee conflicts of law or venue rules) and the United States of America.").

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 10**

## COUNT II - BREACH OF CONTRACT

46.     Plaintiff repeats and realleges the facts contained in the preceding paragraphs and incorporates them fully herein.

47.     Defendants, upon information and belief, have breached the Franchise Agreement by refusing to order inventory, ingredients, and other necessary goods through the required suppliers, in breach of Section 6.12 of the Franchise Agreement.

48.     Defendants, upon information and belief, have not submitted to Gigi's a written request to use an alternate vendor to provide supplies, and thus by using an unapproved vendor, are in breach of Section 6.12 of the Franchise Agreement.

## COUNT III – BREACH OF CONTRACT

49.     Plaintiff repeats and realleges the facts contained in the preceding paragraphs and incorporates them fully herein.

50.     Defendants have refused to install and use the point-of-sale system, in violation of Section 6.4.4 of the Franchise Agreement.

## COUNT IV – ANTICIPATORY BREACH

51.     Plaintiff repeats and realleges the facts contained in the preceding paragraphs and incorporates them fully herein.

52.     Since disputing the existence of a valid Franchise Agreement, Defendants have refused to respond to correspondence concerning ordinary operations of the Franchise.

53.     Defendants' conduct, including a refusal to communicate with Gigi's in the ordinary course of business and informing Gigi's to refer to their attorney regarding all operational matters, demonstrates an intention to refuse to perform their duties under the Franchise Agreement.

54.     Defendants' conduct is in accordance with their contention that no Franchise Agreement exists.

## COUNT V – ACTION FOR DECLARATORY JUDGEMENT[3]

55.     Plaintiff repeats and realleges the facts contained in the preceding paragraphs and incorporates them fully herein.

56.     Defendants contend that Gigi's is currently in breach of its obligations under the Franchise Agreement and have refused to comply with Defendants' duties under the Franchise Agreement.  Further, Defendants assert that the Franchise Agreement is unenforceable, due to the Prior Franchisor's alleged misrepresentations.

57.     Due to Defendants' repudiation of the Franchise Agreement and breach of the Franchise Agreement, Gigi's has been unable to conduct its usual management and supervision of the Defendants, as is required by the Franchise Agreement.

58.     Further, Defendants contest the discretion Gigi's holds to make decisions for the entire franchise system, even if their own economic circumstances do not benefit from such decisions.  Though the Franchise Agreement unambiguously provides Gigi's with such discretion, a true controversy exists whether Gigi's decision to enter into a food distribution contract fell within Gigi's Reasonable Business Judgment, as defined in Section 21.8 of the Franchise Agreement.

59.     As a result of the Defendants' position, a true controversy exists over whether the Franchise Agreement is enforceable between the parties, and, if so, whether Gigi's has breached its obligations under the Franchise Agreement.

---

[3]Gigi's brings this declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 (2010) and Tenn. Code. Ann. §§ 29-14-103– 29-14-113 (2017).

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 12**

## VII.    ATTORNEYS' FEES AND COSTS

60.    Plaintiff repeats and realleges the facts contained in the preceding paragraphs and incorporates them fully herein.

61.    Because of Defendants' breach of the Franchise Agreement, Gigi's has been forced to retain counsel and proceed with this action.

62.    Therefore, pursuant to Section 17.1 of the Franchise Agreement, Gigi's is entitled to reimbursement for any expenses it incurs in connection with this action, including attorneys' fees and costs of court.

## VIII.   NO JURY TRIAL

63.    Pursuant to Section 20.5 of the Franchise Agreement, the Defendants have agreed as follows:

> **<u>Jury Trial Waiver</u>.  THE PARTIES WAIVE THE RIGHT TO A JURY TRIAL IN ANY ACTION RELATED TO THIS AGREEMENT OR THE RELATIONSHIP BETWEEN FRANCHISOR, THE FRANCHISEE, ANY GUARANTOR, AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS.**

(emphasis in original)

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor as follows:

1. That Plaintiff recovers all damages it has sustained as a result of Defendants' breach of contract, including liquidated damages, and already-incurred attorneys' fees;

2. An Order declaring the following:

   a.  The Franchise Agreement between Plaintiff and Defendants is enforceable.

   b.  Plaintiff is not in breach of the Franchise Agreement.

   c.  Plaintiff, as asset purchaser, is not responsible for misrepresentations of the Prior Franchisor.

   d.  Plaintiff, as franchisor, holds the discretion to select a food distributor for the entire franchise system.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 13**

3. Plaintiff recovers its costs and expenses in this action, along with pre- and post-judgment interest; and

4. All such other and further relief as the Court may deem just and proper.

Dated: November 1, 2017                    Respectfully submitted,

                                           WINSTON & STRAWN LLP


                                           By:/s/ John C.C. Sanders, Jr._____

                                                John C.C. Sanders, Jr.
                                                Texas Bar No. 24057036
                                                jsanders@winston.com
                                                Rebecca M. Loegering
                                                Texas Bar No. 24098008
                                                rloegering@winston.com
                                                2501 N. Harwood St., 17th Floor
                                                Dallas, Texas 75201
                                                Telephone:  214-453-6500
                                                Telecopy:   214-453-6400
                                                *Counsel for Gigi's Cupcakes, LLC*

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 14**