UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GIGI'S CUPCAKES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-3009-B |
| | § | |
| 4 BOX LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion for leave to file a surreply, Doc. 34, to Defendants' motion to join additional parties and determine subject matter jurisdiction. Doc. 26. Generally, "surreplies are highly disfavored and are permitted only in exceptional or extraordinary circumstances." *Luna v. Valdez*, No. 3:15-cv-3520-D-BN, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017) (internal quotations omitted). Courts have found such circumstances when a party uses its reply briefs to: "(1) introduce new evidence; (2) assert a new defense to liability; or (3) cite a supposedly analogous case for the first time." *Austin v. Kroger Tex. L.P.*, No. 3:11-cv-1169-B, 2016 WL 1322248, at *1 (N.D. Tex. Apr. 5, 2016). In that case, the party moving for leave to file a surreply "must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Luna*, 2017 WL 4222695, at *6.

In support of its motion, Plaintiff states only that "Defendants raised new issues in the Reply and cited new cases." Doc. 34, Mot. for Leave, 1. Plaintiff does not identify what Defendants' alleged new issues or new cases are, nor does Plaintiff identify an exceptional or extraordinary circumstance warranting the grant of a surreply. Defendants note that "the only conceivable new argument . . . is

- 1 -

their assertion that KeyCorp was an equitable owner of the UFAs when it executed the Asset Purchase Agreement" [APA], but that this argument is actually "a response to Plaintiff's position that KeyCorp had no interests in the UFAs at the execution of the APA." Doc. 35, Resp., 3. The Court agrees; Plaintiff argues in its response that it and Defendants "are the only parties to the UFAs," and that KeyCorp is not a necessary party because it "has no rights in the UFAs at issue." Doc. 32, Resp. to Mot. to Join, 5, 7. And the Court does not find the fact that Defendants cited new cases to support their responsive argument sufficient to grant a surreply. *Murray v. TXU Corp.*, No. Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005)("Assuming no new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous briefings."). Therefore, the Court **DENIES** Plaintiff's motion to file a surreply. Doc. 34.

SO ORDERED.

SIGNED: May 23, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE