UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GIGI'S CUPCAKES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-3009-B |
| | § | |
| 4 BOX LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Gigi's Cupcakes LLC (Gigi's) is a franchisor. In this dispute between Gigi's and some of its franchisees, Gigi's seeks a declaratory judgement that the agreements between Gigi's and its franchisees are enforceable and that it has complied with the agreements. In addition to filing counterclaims against Gigi's, the franchisees have asked the Court to dismiss this case because Federal Rule of Civil Procedure 19 requires entities to be joined that would deprive the Court of subject matter jurisdiction. Alternatively, the franchisees seek to join several entities as defendants to their counterclaims against Gigi's. The Court **DENIES** the franchisees' motion to dismiss but **GRANTS** their motion to join additional parties as counter-defendants.

## I.

## BACKGROUND

A.  *Factual Background*[1]

Gigi's Cupcakes is a chain of cupcake shops of which Gigi's recently became franchisor. Doc.

---

[1] This background comes from the parties' pleadings.

1, Compl., ¶¶ 14–20. In 2016, Gigi's sole member, KeyCorp, LLC (KeyCorp), negotiated an asset purchase agreement (APA) in which it would purchase substantially all of the assets of the former franchisor. *Id.* ¶¶ 20–22. KeyCorp assigned its interests and obligations under the APA to Gigi's. Doc. 29-2, App. to Def. Mot. to Join, Ex. C.

Among other things, Gigi's assumed the former franchisor's rights and obligations under the Uniform Franchise Agreements (UFAs) governing the relationships between the former franchisor and its franchisees. Doc. 1. Compl., ¶ 20. The UFAs empower the franchisor—now, Gigi's—to determine from whom the franchisees must purchase their foods. *Id.* at ¶ 41.

After becoming franchisor, Gigi's claims it discovered that the franchise system had supply-chain-problems that it decided to resolve in part by requiring the franchisees to start using a new food supplier. *Id.* at ¶¶ 23–24. But the franchisees believe the switch increased their costs and reduced their profits. Doc. 6, Answer & Countercl., ¶ 133.

That reduction in profits caused the franchisees to peruse the former franchisor's disclosure documents. Doc. 26-1, Mot. to Join Br., 6. The franchisees claim that their review of the documents revealed "numerous fraudulent misrepresentations regarding the profitability of a Gigi's Cupcakes franchise." *Id.*; Doc. 6, Answer & Countercl., ¶¶ 27–93.

The franchisees believe the former franchisor's fraudulent misrepresentations rendered the UFAs void. Doc. 6, Answer & Countercl., ¶ 258(b). And they believe Gigi's and KeyCorp breached the UFAs in various ways. *Id.* ¶¶ 222–27. But although the franchisees initiated the UFAs dispute-resolution procedures and submitted to pre-suit mediation, Doc. 6, Answer & Countercl., ¶¶ 134–36, Gigi's beat them to the courthouse.

*B. Procedural History*

Gigi's filed ten separate lawsuits against various franchisees. After the Court consolidated the cases, Doc. 21, Order, the franchisees filed a "Motion to Join Additional Parties and Determine Subject Matter Jurisdiction," Doc. 26, Mot. to Join. In their motion, the franchisees argue that the Court should dismiss[2] this case because Rule 19 requires the joinder of parties that will deprive the Court of subject matter jurisdiction. Doc. 26-1, Mot. to Join Br., 11. Alternatively, the franchisees ask the Court to join various entities as counter defendants under Rules 13(h) and 20. *Id.* at 18. The franchisees' motion is ripe for review.

## II.

## LEGAL STANDARD

A.   *Rule 19*

Under Rule 19, a person must be joined as a party when (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1). If joining the required person is not feasible, a court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

---

[2] The franchisees do not specify under what provision of Federal Rule of Civil Procedure 12(b) they have moved to dismiss this case. The Court could treat this motion as one to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), or for failure to join a party required by Rule 19, Fed. R. Civ. P. 12(b)(7). For the franchisees to prevail under either, the Court must find that the entities the franchisees want to join are necessary under Rule 19. But, as discussed below, the parties the franchisees want to join are not necessary parties. Thus, the Court does not reach the question of the proper procedural vehicle for dismissing this case.

*B.     Rule 20*

Under Rule 20, a person may be joined in an action as a defendant if "(A) any right to relief is asserted against [him or her] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(A)–(B). And Rule 13(h) says Rule 20 "govern[s] the addition of a person as a party to a counterclaim."

### III.

### ANALYSIS

The franchisees have asked the Court to dismiss this case because the former franchisor and KeyCorp are necessary defendants under Rule 19 and joining Keycorp as a defendant would deprive the Court of subject matter jurisdiction. Doc. 26-1, Mot. to Join Br., 11. Alternatively, the franchisees have asked the Court to join the former franchisor, Keycorp, and others as defendants to the franchisees' counterclaims against Gigi's. *Id.* at 18.

*A.     Rule 19*

Gigi's has asked the Court to declare, among other things, that the UFAs are enforceable. Doc. 1, Compl., ¶¶ 67–71. The franchisees contend that, to determine whether the UFAs are enforceable, the Court must determine whether the former franchisor defrauded the franchisees and whether KeyCorp knew of any such fraud. Doc. 26-1, Mot. to Join Br., 11. According to the franchisees, the fact that the Court must evaluate the prior franchisor and KeyCorp's conduct makes the prior franchisor and KeyCorp necessary parties for two reasons. First, findings that the prior franchiser committed fraud and that KeyCorp knew of the fraud would "impair or impede [their] ability to protect [their interests]." *Id.* at 13. Second, the franchisees claim that proceeding without

KeyCorp threatens inconsistent judgments because the Court could find in this case that Gigi's knew or did not know of the prior franchisor's fraud and a court in a subsequent case could find the opposite. *Id.*

Proceeding without the prior franchiser and KeyCorp will not impair their abilities to protect their interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). The only harm that the franchisees say could come to the prior franchiser and KeyCorp is future fraud claims in which offensive issue preclusion could be raised against them. Doc. 26-1, Mot. to Join Br., 13. But although the outcome of this suit may cause claims to be filed against the former franchisor and KeyCorp, resolving this case without them would not impair their abilities to protect themselves in future litigation. Neither the prior franchisor nor KeyCorp is a party in this case, so this case will not give rise to issue preclusion in future cases against them. *See Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009) (noting that issue preclusion requires "the party against whom collateral estoppel is asserted was a party . . . to the earlier proceeding").[3] Thus, neither the prior franchisor nor Key Corp is a necessary party under 19(a)(1)(B)(i).

Nor is KeyCorp a necessary party under Rule 19(a)(1)(B)(ii). Rule 19(a)(1)(B)(ii) says a party is necessary if it claims an interest in the case and is so situated that an existing party would

---

[3] Whereas Gigi's argues that Tennessee law governs all of the claims in this case because of the UFAs' choice-of-law clause, Doc. 1. Compl., 9 n.3, the franchisees say the laws of some other states apply to some claims because some franchisees are from those states and those states have enacted statutes voiding choice-of-law clauses in franchise agreements, Doc. 40, Def. Supp. Br., 12. But Texas choice-of-law rules apply in this case, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (holding that, in diversity cases, the forum state's choice-of-law rules apply), and Texas law requires the Court to respect the parties' choice-of-law clause unless (1) the chosen law has no relationship to the parties or (2) applying the chosen law would be contrary to the public policy of a state with a materially greater interest than the chosen state, *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 705 (5th Cir. 1999). The franchisees have failed to argue either. Thus, the Court determines that Tennessee law applies.

be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the non-party's interest. The frachisees say proceeding without KeyCorp would create the risk of "inconsistent judgments." But Rule 19 is concerned with inconsistent obligations, not inconsistent judgments. Fed. R. Civ. P. 19(a)(1)(b)(ii). And the franchisees do not say how proceeding without KeyCorp would leave the franchisees or Gigi's in a position in which they could face inconsistent obligations. The Court thus finds that KeyCorp is not a necessary party under Rule 19(a)(1)(B)(ii). And because the franchisees have failed to show that a necessary party is absent from this suit, the Court **DENIES** the franchisees' motion to dismiss.[4]

B.  *Rule 20*

The franchisees have asserted counterclaims against Gigi's, and they want to join various persons and entities as counter-defendants. Doc. 26-1, Mot. to Join, 18. The franchisees, moreover, do not seem to argue that joining these persons and entities as counter-defendants would destroy the Court's subject matter jurisdiction over this case. Gigi's does not oppose the franchisees' effort to join the aforementioned persons as counter-defendants. Doc. 32, Resp., 10. The Court thus **GRANTS** the franchisees' motion to join KeyCorp; Gigi's Franchising, LLC; Gigi's Holdings, LLC; Gina Butler; Alan Thompson; Gigi's Operating, LLC; FundCorp, Inc.; Food Business Services, LLC; and Sovrano, LLC under Rules 13(h) and 20.

---

[4] The franchisees do not seem to have argued that the prior franchiser and KeyCorp are necessary parties under Rule 19(a)(1)(A), which requires the Court to join a party if the Court cannot grant the requested relief in the party's absence. Regardless, the Court can award the relief Gigi's seeks without adding any parties because all Gigi's has asked for are declarations of its obligations under the UFAs and whether it has breached the UFAs. Doing so requires no one to be in this suit other than the parties to the UFAs—the franchisees and Gigi's.

## IV.

## CONCLUSION

The Court **DENIES** the franchisees' motion to dismiss but **GRANTS** their motion to join parties under Rules 13(h) and 20.[5]

**SO ORDERED.**

**SIGNED: August 6, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[5] The Court asked the parties to submit briefing on venue. The UFAs' venue clause requires disputes arising from the UFA to be brought in the state or federal courts where the franchisor's principal place of business is located. Doc. 41, Pl. Supp. Br., 7. Although the former franchisor's principal place of business was in Tennessee, Gigi's is here, and the UFA authorized the former franchisor to transfer its rights freely. *Id.* Thus, because Gigi's is now the franchisor under the UFAs, suits arising from the UFA must be brought here.